UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PDS INVESTMENT PROPERTIES, LLC § <br> DBA ORANGE INN & SUITES AND § <br> THE ORANGE HOTEL § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> CENTURY SURETY COMPANY § <br> *Defendant.* § | Civil Action No. 1:22-cv-577 |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff PDS INVESTMENT PROPERTIES, LLC dba ORANGE INN & SUITES AND THE ORANGE HOTEL ("PDS" or "Plaintiff") files this Original Complaint & Jury Demand against Defendant CENTURY SURETY COMPANY ("Century" or "Defendant") and would respectfully show the following:

### Parties

1. PDS is a domestic limited liability company maintaining its principal place of business in Orange, Texas. Khurram "Mark" Syed is the sole member of the limited liability company and resides in the state of Texas.

2. Upon information and belief, Century is a foreign corporation engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Century regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Upon information and belief, it is headquartered in, and maintains its principal place of business in Ohio. Century may be served with process to **Bass Underwriters, Inc. 2203 Timberloch Place, Suite 230, Woodlands, Texas 77380**.

1

## Venue & Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. It has personal jurisdiction because Century's conduct and activities in Texas give rise to this case and each of Plaintiff's claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district. Investigation, including key claim communications to Plaintiff and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiff) occurred within this district, and properties that are the subject of this action are situated within this District.

## Factual Background

### *The Property*

5. Plaintiff owns and operates the property located at 2900 Interstate 10, Orange, Texas 77632 in Orange County, Texas (the "Property").

### *The Policy*

6. The property is covered under commercial the property insurance policy issued by Century, Policy No. CCP881998, renewal of USA4251807, for the policy period of January 4, 2020 through January 4, 2021, (hereafter, the "Policy"). In exchange for Plaintiff's premium payment, the Plaintiff's Policy includes the following limits and coverages, in relevant part:

| COVERAGES PROVIDED - Insurance at the described premises applies only for which a limit of insurance is shown. | | | | | | | |
|---|---|---|---|---|---|---|---|
| PREM | BLDG NO | OCC CODE | COVERAGE | LIMIT INSURED | VALUATION / COVERED CAUSES OF LOSS | | COINS | RATE |
| 1 | 1 | 0747 | Building | $ 2,000,000 | ACV | Special Form Including Theft | 80% | 1.07800 |
| 1 | 1 | 0747 | Business Personal Property | $ 200,000 | ACV | Special Form Including Theft | 80% | 1.07800 |
| 1 | 1 | 1190 | Signs | $ 20,000 | ACV | Special Form Including Theft | 80% | 2.09000 |

RC means Replacement Cost; ACV means Actual Cash Value; MP means Minimum Premium; AV means Agreed Value

**OPTIONAL COVERAGES** - Applicable only when entries are made in the schedule below

| PREM | BLDG NO | CODE | COVERAGE | LIMIT INSURED | COVERED CAUSES OF LOSS | COINS | RATE |
|---|---|---|---|---|---|---|---|
| 1 | 1 | 0747 | Business Income / Extra Expense Including Rental Value | $ 280,000 | Special Form Including Theft | 50% | 1.27000 |

EB means Equipment Breakdown, BI means Business Income, EE means Extra Expense

| PREM | BLDG NO | MONTHLY LIMIT OF INDEMNITY | MAXIMUM PERIOD OF INDEMNITY | EXTENDED PERIOD OF INDEMNITY |
|---|---|---|---|---|

7.    As evidenced by the Declarations Page and confirmed in the Policy provisions, the Policy provides coverage to the Property's physical structure, business personal property, signs, and business income for damages for up to $2,500,000.00. *See* Ex. A, Policy, at Declarations Page.

*Plaintiff makes insurance claims for damages*

8.    On October 9, 2020, the property was struck by Hurricane Delta causing substantial damage. Sizeable portions of the roof, interior and exterior were compromised. An additional loss occurred on December 29, 2020, when the theft of electrical wiring and contractor tools occurred at the property.

9.    The Property – especially the roofs – were substantially damaged by the hurricane. Yet as devastating as the physical damage was, Plaintiff felt fortunate to be protected by the insurance coverage they had procured to insure the Property from precisely these types of catastrophes. Plaintiff filed the claims with Century, alerting them to the extensive damages. This sense of security, borne of a pricey contractual relationship, would prove illusory as Defendant began their investigation and handling of the claim.

*Plaintiff works hard to document its damages for Defendant but unreasonably refuses to pay.*

10.   Century assigned Carlie Hershbeger with AmeriTrust as claims representative who retained Joe Schaub from Crawford & Company ("Crawford") and Andrew Willard from JS Held to these claims. The damages that were observed were grossly undervalued. The damages

from the claims were denied citing coverage, exclusion, and vacancy clauses. The files were closed despite the scores of facts, witnesses and meteorological data supporting the covered claim.

11. To this day, Century has refused to fully pay for covered damages under the Policy.

*Plaintiff sends a demand letter in compliance with Texas law*

12. On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiff to avoid protracted litigation over a clear claim.

13. In compliance with Section 542A.003, Plaintiff gave its pre-suit notice to Century on August 31, 2022. The pre-suit notice provided a comprehensive outline of Plaintiff's claim and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

14. Century responded to the demand but denied any wrongdoing.

### Count 1 – Violations of Texas Insurance Code, Section 541

15. Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

16. Century failed or refused to make payments for covered damages, including without limitation, recoverable depreciation, code payments, ordinance and law payments, and

other damages. This was part of a systematic plan by Century to underpay, or not pay at all, damages that it knows are covered under the Policy. Those payments remain due and owing.

17. Century failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

18. Century failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

19. Century failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

20. Century refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

21. Century misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Century misrepresented the insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

22. Century misrepresented the insurance policy under which it affords property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Defendant misrepresented the insurance policy to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

23. Century misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

24. Century knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

25. For the property owned by Plaintiff, there remains outstanding amounts owed under the Policy. Century owes, but has failed to pay, those amounts.

### Count 2 – Violations of the Texas Insurance Code, Section 542

26. Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

27. Century failed to acknowledge receipt of the claims in violation of Texas Insurance Code Section 542.055 (a)(1).

28. Century failed to timely commence investigation of the claims or to request from Plaintiff any additional items, statements or forms that Century reasonably believed to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

29. Century failed to notify Plaintiff in writing of the acceptance or rejection of the claims not later than the 15th business day after receipt of all items, statements and forms required by Defendant in violation of Texas Insurance Code Section 542.056(a).

30. Century delayed payment of Plaintiff's claims in violation of Texas Insurance Code Section 542.058(a).

31. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

**Count 3 – Breach of Contract**

32. Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

33. Century's actions and conduct, as described herein, breached the insurance contract. Plaintiff has performed, and/or Century has waived, all conditions precedent to recovery under the contract.

**Count 4 – Statutory Interest**

34. Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

35. Plaintiff makes a claim for statutory interest penalties along with reasonable attorneys' fees for violations of Texas Insurance Code section 542.058 and 542.060.

**Count 5 – Breach of Duty of Good Faith & Fair Dealing**

36. Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Petition as if fully set forth herein.

37. Century as the property coverage insurers, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Century breached this duty by

refusing to properly investigate and effectively denying insurance benefits. Century further breached this duty by retaliating against the insured during the claim process by raising premiums. Century knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Century's breach of these legal duties, Plaintiff suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

38.     Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

39.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claims for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

### Count 7 – Violations of Texas Deceptive Trade Practices Act

40.     Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

41.     The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

42.     Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages

## Resulting Legal Damages

43. Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

44. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

45. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

46. Plaintiff is entitled under law to the recovery of post-judgment interest at the maximum legal rate.

47. Defendant's knowing violations of the Texas Insurance Code entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

48. Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

49. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the jurisdictional limits of this Court.

50. Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001 and Texas Insurance Code 542.060(a)-(c).

## PRAYER

Plaintiff respectfully request that Plaintiff have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment

interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

        Respectfully submitted,

        **RAIZNER SLANIA, LLP**

        /s/ *Jeffrey L. Raizner*
        JEFFREY L. RAIZNER
        Attorney-in-Charge
        State Bar No. 00784806
        2402 Dunlavy Street
        Houston, Texas 77006
        Phone: 713.554.9099
        Fax:  713.554-9098
        jraizner@raiznerlaw.com

        *Of Counsel*:

        ANDREW P. SLANIA
        State Bar No. 24056338
        KATY PENICK
        State Bar No. 24116890
        efile@raiznerlaw.com
        2402 Dunlavy Street
        Houston, Texas 77006
        Phone: 713.554.9099
        Fax:  713.554-9098
        **ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

        /s/ *Jeffrey L. Raizner*
        JEFFREY L. RAIZNER